UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICAH STUBBS,

        Plaintiff,

    v.

SUE SAIGN and COUNTY OF SANTA CLARA,

        Defendants.

No.  2:26-cv-0253 DC AC PS

FINDINGS AND RECOMMENDATIONS

On January 30, 2026, plaintiff filed this action in pro se and paid the filing fee.  ECF No. 1.  Pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  Immediately after filing plaintiff moved to stay the case, asserting that the action was filed in a protective posture to avoid running afoul of the statute of limitations, but that plaintiff does not wish to litigate this case while the underlying family law case remains pending in state court.  ECF No. 4 at 1.  The court denied the motion, explaining that the court does not grant general stays and that if plaintiff wishes to pursue this case at this time, he must comply with Fed. R. Civ. P. 4(m) and complete service of process within the required timeframe.

The Federal Rules require plaintiff to complete service within 90 days of filing.  Fed. R. Civ. P. 40(m).  Id.  The deadline passed, and no certificate of service has been filed.  Local Rule 110 provides that failure to comply with court orders or the Local Rules "may be grounds

1

for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Accordingly, on May 13, 2026 the undersigned issued an Order to Show Cause why this case should not be dismissed for failure to prosecute.  ECF No 6.  Plaintiff was instructed to show good cause or proof of service no later than May 27, 2026.  Id. at 2.  Plaintiff was cautioned that if he "fails to comply with this order, the case will be dismissed without prejudice for failure to prosecute."  Plaintiff has not responded and the deadline to do so has passed.

In recommending this action be dismissed for failure to prosecute, the court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted).  Because this case cannot move forward without plaintiff's participation, the court finds the factors weigh in favor of dismissal.  Therefore, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for lack of prosecution and for failure to comply with the court's order.  See Fed. R. Civ. P. 41(b); Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of  28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 2, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2